

1:24-cr-00420
Judge Sunil R. Harjani
Magistrate Judge Jeffrey T. Gilbert
RANDOM/Cat. 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | Violation: Title 18, United States |
| | ) | Code, Section 1344(1) |
| IVORY ALDRICH | ) | |
| | ) | |

The UNITED STATES ATTORNEY charges:

1. At times material to this indictment:

   a. Ivory Aldrich was the sole owner and operator of Midwest Global, a trucking company registered in the State of Illinois.

   b. CitiBank N.A. was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation. CitiBank N.A. issued credit cards, including Visa cards called Best Buy cards.

   c. CitiBank, N.A. was in the banking business and provided banking services to consumers to include various types of loans, credit cards, and online and in person banking.

   d. When CitiBank, N.A., issued credit cards and loans, it required applicants to provide truthful information, including information about the applicant's income, assets, liabilities, employment, and personal circumstances, which information was material to lenders' decisions about the creditworthiness of the applicant and approval of the extensions of credit.

      e.      Best Buy was a chain retail store located throughout the State of Illinois and the United States that offered electronic equipment, music, and movies for sale. Customers who completed the necessary forms and qualified were able to obtain financing for the purchase of items through CitiBank N.A. and Visa.

      f.      Sears was a chain retail store located throughout the State of Illinois and the United States that offered furniture, household items, clothing, and electronics for sale. Customers who completed the necessary forms and qualified were able to obtain financing for the purchase of items through CitiBank N.A. and Mastercard.

      g.      Defendant, as part of her business, used a wired access device to accept payments from various credit cards;

2.      Beginning no later than in or around May 2016, and continuing through in or around May 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

IVORY ALDRICH,

defendant herein, knowingly executed and attempted to execute a scheme to defraud a financial institution, which scheme is further described below.

3.      It was a part of the scheme that individuals would open lines of credit with companies such as Best Buy and Sears.

4.      It was further part of the scheme that ALDRICH knowingly used, and caused to be used, the access device card machine at Midwest Global, Inc. to process fraudulent credit card transactions, creating the false impression that the payments

were in exchange for services when, as ALDRICH knew at the time, no services were rendered.

5. It was further part of the scheme that, after ALDRICH accepted payment from the fraudulent charges, ALDRICH would give the customer half of the money and keep the other half for herself and Global Midwest.

6. It was further part of the scheme that ALDRICH would call CitiBank, impersonating customers, and promise to make payments to allow the card to remain active.

7. As a result of the scheme, ALDRICH fraudulently caused CitiBank to transfer at least $453,355.14 to an account held by ALDRICH.

8. On or about August 28, 2014, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

IVORY ALDRICH,

defendant herein, did knowingly execute and attempt to execute the above-described scheme to defraud by causing the transfer of approximately $9,952.38 from CitiBank, a financial institution, to Aldrich's bank account at Chase Bank;

In violation of Title 18, United States Code, Section 1344(1).

*Morris Pasqual* by SME
ACTING UNITED STATES ATTORNEY